United States District Court
Southern District of Texas

**ENTERED**

March 31, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Rochelle Sanders, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-20-3744 |
| | § | |
| River Oaks Chrysler Jeep, Inc., | § | |
| FCA US LLC, | § | |
|     Defendants. | § | |

# Report and Recommendation

Rochelle Sanders sued River Oaks Chrysler Jeep, Inc., (River Oaks) and FCA US LLC (FCA) in Texas state court alleging various causes of action arising from an injury she sustained while riding as a passenger in a Jeep Patriot automobile. FCA removed the case to federal court based on diversity jurisdiction. (D.E. 1.) Sanders moves to remand. (D.E. 8.)  The court recommends that the motion be denied and that River Oaks be dismissed from the case.

## 1. Background and Procedural Posture

On October 12, 2018, Sanders was a passenger in Yancy Cooper's 2010 Jeep Patriot when the airbag in the passenger-side automatic headrest (AHR) activated during normal operation of the vehicle. (D.E. 1-3 ¶¶ 4.3–4.4.) The headrest is designed to deploy forward in the event of a rear-end collision to prevent whiplash injuries. (D.E. 1-3 ¶ 4.4.) Absent a collision, deployment of the AHR caused a sudden blow to the back of Sanders' head. She suffered "repeated migraine headaches, intermittent dizziness, nausea, vomiting, difficulty concentrating, confusion and the inability to put sentences together." (D.E. 1-3 ¶ 4.3.)

FCA manufactured the vehicle. The court cannot tell from the complaint who sold the vehicle to Cooper, but Sanders has

represented to the court that River Oaks was not the seller. (D.E. 16 ¶ 11.) Three years before the incident, River Oaks serviced and inspected the Patriot. (D.E. 1-3 ¶¶ 4.5, 9.2.) Sanders alleges that, at the time the Patriot was serviced, River Oaks "knew or should have known that the headrest that struck [Sanders] was defective because it had made numerous similar repairs to vehicles with the same headrest that experienced the same defect." (D.E. 1-3 ¶ 4.5.) Sanders further alleged that, between the service and the incident, River Oaks "received numerous similar reports of headrests failing in a similar way" and was aware that the problem was widespread. (D.E. 1-3 ¶¶ 4.5–4.6.) Sanders alleges that, based on its knowledge, River Oaks had a duty to warn Cooper or Sanders "that it was aware of a critical safety defect" in the AHR system. (D.E. 1-3 ¶¶ 4.5–4.6, 9.3.)

Sanders originally sued only River Oaks in state court but later amended to add FCA, against whom she raises product liability claims. On November 2, 2020, FCA US removed the action based on diversity jurisdiction. (D.E. 1.) According to FCA's notice of removal, at the time of removal, Sanders was a citizen of Texas, as was River Oaks, and FCA was a foreign LLC. FCA's notice of removal stated that, although there was not complete diversity of citizenship, River Oaks was fraudulently joined to defeat diversity jurisdiction.

The court noticed that, according to Sanders' amended petition in state court, she resided in California both when the case was filed and at the time of removal. She thus appeared to be a citizen of California, not Texas, and there appeared to be full diversity. (D.E. 1-3 ¶ 2.1.) However, the court recognized that there may nevertheless be an issue with removal under the "forum defendant rule," *see* 28 U.S.C. § 1441(b)(2), given that River Oaks is a Texas defendant. The court requested further briefing so the parties could clarify the citizenship of the parties and address the forum defendant rule. The issues are fully briefed, and the motion to remand is ripe for decision.

*2. Analysis*

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction." 28 U.S.C. § 1441(a). Removal can be based on diversity jurisdiction if the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. *See* 28 U.S.C. §§ 1332, 1441; *Priester v. Deutsche Bank Nat'l Trust Co.*, 832 F. App'x 240, 244 (5th Cir. 2020). The case may not be removed based on diversity of citizenship, however, "if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). The citizenship of a defendant improperly joined to defeat the court's diversity jurisdiction is disregarded, that defendant is dismissed from the case, and the court exercises jurisdiction over the remaining defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

### A. Diversity Jurisdiction

To establish diversity of citizenship, no plaintiff may be a citizen of the same state as any defendant. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013). In cases removed from state court, diversity must exist both at the time the case is filed in state court and when removed to federal court. *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018).

"[F]or diversity jurisdictional purposes, 'the citizenship of a[n] LLC is determined by the citizenship of all of its members[.]'" *Soaring Wind Energy L.L.C. v. Catic USA, Inc.* 946 F.3d 742, 750 (5th Cir. 2020) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). A corporation is deemed to be a citizen of every state or foreign state of incorporation and of the state or foreign state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A person's citizenship is synonymous with their state of domicile. *Dos Santos*, 516 F. App'x at 403. A change in domicile requires both physical presence at the new location and an intention to remain there indefinitely. *Id.*

Sanders alleged in her state court First Amended Petition (D.E. 1-3) that River Oaks is a Texas Corporation with its principal place of business in Texas. (D.E. 1-3 ¶ 2.2.) This is undisputed. (D.E. 1 at 3.) Sanders alleged in her amended petition that FCA was a Delaware LLC

with its principal place of business in Michigan and doing business in Texas (neither of which is relevant to an LLC's citizenship), but she did not allege the citizenship of its members. (D.E. 1-3 ¶ 2.3.) In its Notice of Removal, FCA explains the citizenship of its members and concludes that it is a citizen of The Netherlands and The United Kingdom. (D.E. 1 at 4.) Sanders does not dispute this conclusion, with which the court agrees. Sanders alleged in her state court amended petition that she resided in California. (D.E. 1-3 ¶ 2.1.) In response to the court's order to provide further briefing to address the question of citizenship of the parties, Sanders did not address her own citizenship. She does not deny being a citizen of California.

The court concludes that no defendant is a citizen of California and complete diversity exists. To the extent that there is an argument that Sanders is, in fact, a citizen of Texas, there is still complete diversity. This is because, as discussed below, River Oaks is improperly joined and its Texas citizenship is disregarded for purposes of determining diversity. *Flagg*, 819 F.3d at 136.

### b. The Forum Defendant Rule

Sanders argues that FCA's removal of this case was improper because River Oaks is a citizen of Texas and 28 U.S.C. § 1441(b)(2) prevents removal if any properly joined defendant is a citizen of the State in which such action is brought. FCA argues that River Oaks is not properly joined and therefore removal was proper.

Improper joinder may be shown in two ways. The defendant must either show that there was actual fraud in the pleading of jurisdictional facts or that the plaintiff cannot establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). FCA does not allege that there is actual fraud in the pleadings (D.E. 15 at 5), so the court focuses only on whether Sanders can establish a cause of action against River Oaks in state court.

The inquiry for the court is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that

4

there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In making that inquiry, the court normally engages in a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* If, based on the pleadings, the plaintiff can survive a Rule 12(b)(6)-type challenge but has misstated or omitted discrete facts that would change the result, the court may pierce the pleadings and engage in a summary-judgment-type analysis. Here, although the parties invite the court to pierce the pleadings, the court need not do so. As will be discussed next, taking the facts in Sanders' petition to be true, she cannot possibly recover against River Oaks, and the analysis ends there.

In her petition, Sanders does not allege that River Oaks sold the Jeep Patriot at issue. The parties spend a lot of time discussing whether River Oaks can be held liable under one of the exceptions found in Texas Civil Practice and Remedies Code § 82.003, which generally insulates from liability a non-manufacturing seller of a product for harm caused by the product. But River Oaks is not the seller of the subject Jeep Patriot, so it is hard to understand how a statute that seeks to insulate sellers from liability could create a path to liability for a company that did not sell the product in the first instance. To be held liable, at a minimum, the defendant must have supplied the product that caused the injury. *See Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989) ("A fundamental principle of traditional products liability law is that the plaintiff must prove that the defendants supplied the product which caused the injury."); *cf. Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 868 (Tex. 1999) (collecting Texas cases holding that a defendant must have distributed the product as a prerequisite to liability). Sanders does not allege any facts upon which the court could conclude that River Oaks, only the post-sale servicer of the vehicle, could be found liable as a seller.

Sanders' sole theory of liability is that River Oaks, having serviced the subject vehicle, owed a duty to Sanders to warn of the dangerous condition in the headrest. (D.E. 1-3 ¶¶ 8.1-9.4.) According to Sanders, at the time River Oaks serviced the vehicle, it knew about the dangerous condition in the headrest and did not warn her or the vehicle owner about the danger. She also alleges that River Oaks gained further knowledge about the dangerous condition after it serviced the subject vehicle and did not warn of the danger. Sanders does not allege that River Oaks serviced the headrest itself. Sanders does not allege that River Oaks contributed in any way to the dangerous condition in the headrest.

Sanders does not cite any case or authority for the proposition that River Oaks had the duty to warn about the defective headrest under the circumstances of this case. No such duty exists in Texas. *State Farm Lloyds v. Polaris Indus., Inc.*, No. 6:12-CV-19, 2012 WL 3985128, at *3 (S.D. Tex. Sept. 11, 2012) (citing *Rubin v. DaimlerChrysler Corp.*, No. Civ.A. H044021, 2005 WL 1214605, at *1 (S.D. Tex. May 20, 2005) and concluding that a post-sale servicer of an all-terrain vehicle had no duty to repair or warn of a known defect in the product).

Sanders cannot recover against River Oaks.

3. *Conclusion*

Because Sanders has not pleaded a cause of action upon which she can recover against River Oaks, the citizenship of River Oaks should be disregarded. The forum defendant rule did not render removal improper, and there is complete diversity of citizenship. As a result, the court recommends that the motion to remand be denied, that River Oaks be dismissed from this action, and that the court exercise jurisdiction over the remaining parties.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions,

except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 31, 2021.

_____

Peter Bray

United States Magistrate Judge